UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X          CHAPTER 13
IN RE:

SARBJIT KAUR                              CASE NO.: 17-71003-ast
                                         NOTICE OF PRESENTMENT OF ORDER
          Debtor

------------------------------X

S I R S:

     PLEASE TAKE NOTICE that an Order will be presented by Richard S.
Feinsilver, Esq., attorney for debtor, to the HON. ALAN S. TRUST, at
Chambers, at 290 Federal Plaza, Room 960, Central Islip, New York
11722, on the 15th day of May, 2017  The proposed Order, a copy of
which is annexed hereto, will seek to modify proof of claim #1-1,
filed by the First Jersey Credit Union on March 8, 2017, pursuant to
Bankruptcy Rule 3007, declaring (a) that this claim is a contingent
and unliquidated claim as to this individual debtor, and (b) that this
claim is not to be allowed as a claim to determine the debtor's
eligibility to prosecute this Chapter 13 case under 11 U.S.C. Section
109(e).

     PLEASE TAKE FURTHER NOTICE that if you have any good reason to
object to the granting of the proposed Order, you must do so in
writing at least seven (7) calendar days before the Order is to be
signed; and you must serve the undersigned and all other entities to
whom this motion has been noticed, as indicated below, with the Clerk
of the Court the original of your objections, together with proof of
service.  If no proper objections are timely filed and served, and if
the Judge is satisfied from the application that the moving party is
entitled to the relief sought, the Court may sign the Order without
further notice or a hearing.

If proper objections are timely filed and served, a hearing on this application shall be scheduled by the Chambers of the Hon. Alan S. Trust.

Dated:  Carle Place, New York
        April 13, 2017

                                    s/Richard S. Feinsilver
                                    _____
                                    Richard S. Feinsilver
                                    Attorney for the Debtor
                                    One Old Country Road
                                    Suite 125
                                    Carle Place, New York 11514
                                    516-873-6330

UNITED STATES BANKRUPTCY COURT        Chapter 13
EASTERN DISTRICT OF NEW YORK
------------------------------X    Case No: 17-71003-ast
In re:

SARBJIT KAUR

                        Debtor.
------------------------------X

ORDER

UPON the application of the debtor, Didar Singh, by his
attorney, Richard S. Feinsilver, seeking an Order determining
that Proof of Claim #1-1, filed by First Jersey Credit Union on
March 8, 2017 is a contingent and unliquidated claim as to this
individual debtor, and that this claim is not to be allowed as a
claim to determine the debtor's eligibility to prosecute this
Chapter 13 case under 11 U.S.C. Section 109(e), and notice of
this motion having been served upon the creditor, its attorneys,
and the Chapter 13 Trustee, and no party having appeared or filed
opposition to the application; and upon review of the motion
papers and after due deliberation it is

ORDERED that Proof of Claim #1-1, filed by First Jersey
Credit Union on March 8, 2017 in the amount of $1,619,556.51, is
a contingent and unliquidated claim as to this individual debtor,
and it is further

ORDERED that Proof of Claim #1-1, filed by First Jersey
Credit Union on March 8, 2017 in the amount of $1,619,556.51,
is not to be allowed as a claim to determine the debtor's
eligibility to prosecute this Chapter 13 case under 11 U.S.C.
Section 109(e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X          CHAPTER 13
IN RE:

SARBJIT KAUR                             CASE NO.: 17-71003-ast
                                         AFFIRMATION IN SUPPORT
                Debtor

------------------------------X

    RICHARD S. FEINSILVER, an attorney duly admitted to practice
before this Court, affirms the following:

    1.    I am the attorney for the above captioned debtor and I am
fully familiar with the facts and circumstances surrounding this case.

    2.    This affirmation is made pursuant to Bankruptcy Rule 3007,
in support of debtor's objection to a proof of claim #1-1 filed by
First Jersey Credit Union ("First Jersey").

    3.    The debtor filed the instant petition for relief on February
22, 2017.

    4.    First Jersey filed its proof of claim on March 8, 2017
alleging an general unsecured claim in the amount of $1,619,556.51.
(Exhibit "A").  The claim further alleges that it relates to a
personal guarantee given by the individual debtor to First Jersey in
support of a taxi medallion loan given to Cheema Transportation Corp.
("Cheema"), in 2013.

    5.    As a brief background, the individual debtor is the owner of
record of 50% of the common stock of Cheema.

    6.    At all times herein, the corporate entity, Cheema, has been
current in the remittance of its taxi medallion loan obligations, and

it has continued to remain current post-petition.  As such, at no time has Cheema been in default under its loan agreement.

7.  The individual debtor's Chapter 13 Plan clearly declares that this obligation was current on the petition date and shall continue to be paid timely outside the debtor's plan by the corporate entity (Exhibit B).

8.  First Jersey seminal argument and allegation is that the filing of the instant bankruptcy petition by the individual debtor triggered a default against the obligations of Cheema.  The debtor disputes this allegation and verily believes that since Cheema was current at the time of filing, the personal guarantee given by the debtor to First Jersey is, and remains, a contingent and unliquidated liability as to the individual debtor and should not be counted as a liability of the individual debtor for the purpose of determining the debtor's eligibility under 11 U.S.C. Section 109(e) to prosecute the instant case.

9.  11 U.S.C. Section 109(e) provides, in pertinent part, that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175...may be a debtor under chapter 13 of this title."  As such "[t]he Section 109(e) debt limits apply only to debts that are 'liquidated' and 'noncontingent' as of the petition date.  In re Kwiatkowski, 486 B.R. 409, 414 (Bankr. E.D. Mich. 2013).  Conversely, if a debt is either unliquidated or contingent on the petition date, it is to be "excluded from the claims to be considered in determining eligibility for Chapter 13..." Matter of DeBrunner, 22 B.R. 36, 37 (Bankr. D. Neb. 1982).

10.  A copy of First Jersey's form of guarantee is annexed hereto as Exhibit C.

11.   The personal guarantee executed by the debtor expressly
provides that the debtor is a guarantor of payment, not of collection.
As such, the guaranty of payment creates an obligation of the
guarantor only upon the default of the principal obligor.  See In re
Wilson, 9 B.R. 723 (Bankr. E.D.N.Y. 1981), General Phoenix Corp. v
Cabot, 300 N.Y. 87 (1949).

12.   The "creation of the obligation" is the triggering event
which determines whether a claim is contingent or non-contingent.
Cheema was not in default on the Petition date.  As of the Petition
Date, no determinative event had yet occurred to create an obligation
of the individual debtor to First Jersey.  As such, the claim of First
Jersey as to the individual debtor was contingent on the petition
date.  This is consistent with this District's finding In re
Mandarino, 312 B.R. 214 (Bankr. E.D.N.Y. 2002).

13.   Further, the monetary limits of Section 109(e) do not apply
to a debt that is unliquidated.  "{I}f the debt amount is dependent
upon the future exercise of discretion by a court and is not
restricted by specific criteria, the debt is unliquidated."  In re
Vaughn, 276 B.R. 323, 325 (Bankr. D.N.H. 2002).

14.   The claim of First Jersey is clearly unliquidated in that
not only has the default of the principal obligor not yet occurred,
but the underlying collateral must also be recovered and liquidated
after the default and any proceeds of sale must be set off against the
obligation of the obligor as a condition precedent to the
determination of the individual debtor's actual monetary obligation
under the guaranty.

15.   Based upon the foregoing, the claim filed by First Jersey
was contingent and unliquidated as of the date of the filing of the
petition at bar and should be excluded from the calculation of the

debtor's obligations in determining her eligibility to prosecute the instant case under 11 U.S.C. Section 109(e).

16.    Last, as a point of reference, the most recent case in this District on the issue at bar is <u>In re Stebbins</u> (814-73357-las).    In <u>Stebbins</u>, Judge Louis A. Scarcella opined that a condition precedent had occurred prior to the petition date, to wit, the default of the corporate (principal) obligor, and as such, the underlying debt was noncontingent as to the Debtor on the petition date.    It is the debtor's position that the case at bar is readily distinguishable from <u>Stebbins</u> in that no condition precedent had yet to occur as of the petition date.

WHEREFORE, it is respectfully requested that this Court enter an Order declaring that Claim #1-1, filed by First Jersey Credit Union on March 8, 2017, is a contingent and unliquidated claim as such terms are defined in 11 U.S.C. Section 109(e) and should not be included in the calculations of the debtor's debt limits under 11 U.S.C. Section 109(e) together with such other and further relief that this Court deems just and proper.

Dated: April 13, 2017
      Carle Place, New York

                                    s/Richard S. Feinsilver
                                    _____
                                    Richard S. Feinsilver, Esq.

EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1     Sarbjit Kaur

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Eastern District of New York

Case number   17-71003 (AST)

---

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:  Identify the Claim

**1. Who is the current creditor?**

First Jersey Credit Union
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Macco & Stern, LLP
Name

2950 Express Drive South, Suite 109
Number     Street

Islandia        NY        11749
City            State      ZIP Code

Contact phone  (631)549-7900

Contact email  cmacco@maccosternlaw.com

Where should payments to the creditor be sent? (if different)

First Jersey Credit Union, c/o Paul Perez
Name

1 Corporate Drive
Number     Street

Wayne         NJ        07470
City           State     ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No

☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
          MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes.  Who made the earlier filing? _____

---

Official Form 410                           Proof of Claim                              page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. Do you have any number you use to identify the debtor?
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  9  P  3  5

7. How much is the claim?  $ _____ 1,619,556.51 . Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

Personal Guarantee on Corporate Loans for Taxi Medallions

9. Is all or part of the claim secured?
☑ No
☐ Yes.  The claim is secured by a lien on property.
Nature of property:
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:  $_____ 0.00
Amount of the claim that is secured:  $_____ 0.00
Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:  $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.  $_____

11. Is this claim subject to a right of setoff?
☑ No
☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | Amount entitled to priority |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   3/7/2017
            MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| | | |
|---|---|---|
| Name | Cooper J Macco | |
| | First name          Middle name          Last name | |
| Title | Associate | |
| Company | Macco & Stern, LLP | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer | |
| Address | 2950 Express Drive South, Suite 109 | |
| | Number          Street | |
| | Islandia                          NY          11749 | |
| | City                              State     ZIP Code | |
| Contact phone | (631) 549-7900 | Email cmacco@maccosternlaw.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re:

SARBJIT KAUR,

Debtor.
-------------------------------------------------------------- X

Case No. 17-71003 (AST)

Chapter 13

## PROOF OF CLAIM

First Jersey Credit Union ("FJCU"), by and through its counsel Macco & Stern, LLP,

submits this proof of claim against Sarbjit Kaur (the "Debtor"), the above-referenced Debtor, and

respectfully sets forth as follows:

1.      On or about May 13, 2013, Cheema Transportation Corp. ("Cheema") took a

secured loan from FJCU against two (2) NYC Taxi Medallions, assigned medallion numbers 9P35

and 9P36 (the "Medallions"), in the amount of $1,700,000, assigned account number XXX6000

(the "Loan").

2.      As security for the Loan, Cheema granted FJCU a security interest in the

Medallions.

3.      Contemporaneously therewith, the Debtor and his partner, Didar Singh ("Singh"),

as principals and sole-shareholders of Cheema, executed personal guarantees for the Loan.

4.      The Loan matures on June 1, 2017 (the "Maturity Date"), at which time a balloon

payment comes due.

5.      On February 7, 2017 (the "Default Date"), Singh filed a voluntary petition for relief

under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"), assigned case

number 16-70680 (AST).

6.      Singh's bankruptcy proceeding was a default under the terms of the Loan.

7.    As of February 7, 2017, the Loan was in default as against the Cheema.

8.    As of February 7, 2017, the entire balance of the loan came due against Cheema.

9.    As of February 7, 2017, Debtor, as a personal guarantor, was obligated for the entire balance of the Loan.

10.    Pursuant to the terms of the Loan and the personal guarantee, no notice of default is required.

11.    On February 22, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

12.    Debtor lists FJCU and the Loan on his bankruptcy petition as unsecured, contingent, and unliquidated claim.

13.    As of the Petition Date, the Loan had outstanding balance of $1,619,556.51.  A breakdown of the outstanding balances pursuant to Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) is annexed hereto as **Exhibit A.**

14.    Accordingly, as of the Petition Date, FJCU had a non-contingent, liquidated claim against the Debtor, as set forth above.

15.    Based on the foregoing, the FJCU has a claim against the Debtor in the total amount

of $1,619,556.51.

Dated: Islandia, New York
        March __7__, 2017

**MACCO & STERN LLP**
Attorneys for First Jersey Credit Union

By: _____
    Richard L. Stern
    Cooper J Macco
    2950 Express Drive South, Suite 109
    Islandia, New York 11749
    (631) 549-7900

# EXHIBIT A

**<u>Breakdown of Interest, Fees, Expenses, and Other Charges</u>**
**<u>Incurred Before the Petition Date Pursuant to Bankruptcy Rule 3001(c)(2)(A)</u>**

|  | <u>Cheema</u> |
|---|---|
| Last Payment: | January 31, 2017 |
| Principal Unpaid Balance as of Last Payment: | $1,616,198.41 |
| Interest Rate: | 3.40% |
| Days Interest Outstanding as of Petition Date | 22 |
| Interest Outstanding (30/360) | $3,358.10 |
| Principal and Interest | $1,619,556.51 |

EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
IN RE:                                          Case #:

SARBJIT KAUR
                                                CHAPTER 13 PLAN
                          ---Debtor---
------------------------------X

     1.    The future earnings of the debtor are submitted to the supervision and control of the trustee and the Debtor shall pay to the trustee as follows  OVER A TERM OF THIRTY-SIX (36) MONTHS as  follows: $1000.00 PER MONTH FOR 36 MONTHS.

     2.    From the payments so received, the trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all ALLOWED claims entitled to priority under 11 U.S.C. Section 507:

(i) Trustee Commission of 10%; (ii) Richard S. Feinsilver - $2500.00

(b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

FIRST JERSEY FCU (Loan 9P35) - Debtor is the personal guarantor of the corporate debts of Cheema Trans. Corp.  The payment of the corporate obligations of this entity to this creditor were current at the time of filing.  Corporate entity shall remain current and remit payments to creditor outside of bankruptcy.  Individual Debtor shall not remit any post petition payments to this creditor. NASSAU COUNTY TREASURER (lot 0001) - Debtor is current in the remittance of real estate taxes encumbering debtor's property located at 404 Brown Place, New Hyde Park NY at time of filing.  Debtor shall remain current and remit post petition real estate tax payments direct to creditor outside of plan.

( c) Subsequent to the payment of dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

Pro-rata distribution to all timely filed proofs of claim AS FOLLOWS:

Unsecured creditors, as a class are to receive 100% of any allowed amount claimed.

3.      The following executory contracts and leases of the debtor are rejected: None.

4.      Other provisions:

Title to the debtor's property shall revest in the debtor upon confirmation of a plan.

Throughout the term of this plan, debtor agrees that it will not incur post-petition debt over $1500.00 without first notifying the Chapter 13 trustee in writing.

Dated: *February 24, 2017*

_____
Debtor

_____
Debtor

_____
Debtor's Attorney

EXHIBIT C

## GUARANTY

GUARANTY, dated ~~May 17, 2013~~, by ~~DIDAR SINGH~~ residing at ~~102 Brown Place, New York, New York 11100~~ ("Guarantor"), in favor of **FIRST JERSEY CREDIT UNION**, a state chartered credit union, having offices at One Corporate Drive, Wayne, New Jersey 07470 ("Lender").

1.    **Guaranty of Payment.**

(a)    Guarantor hereby unconditionally guarantees the full and prompt payment to Lender when due, whether by acceleration or otherwise, of any and all indebtedness (as hereinafter defined) of ~~SHAMROCK~~ a New York corporation, having a principal place of business at ~~Brother Place, New York, New York~~ ("Borrower"), to Lender.

(b)    As used in this Guaranty, "Indebtedness" shall mean any and all indebtedness and other liabilities of Borrower to Lender of every kind and character and all extensions, renewals and replacements thereof, including, without limitation, all unpaid accrued interest thereon and all costs and expenses payable as hereinafter provided: (i) whether now existing or hereafter incurred; (ii) whether direct, indirect, primary, absolute, secondary, contingent, secured, unsecured, matured or unmatured, by guarantee or otherwise; (iii) whether such indebtedness is from time to time reduced and thereafter increased, or entirely extinguished and thereafter reincurred; (iv) whether such indebtedness was originally contracted with Lender or with another or others; (v) whether or not such indebtedness is evidenced by a negotiable or non-negotiable instrument or any other writing; and (vi) whether such indebtedness is contracted by Borrower alone or jointly or severally with another or others.

(c) Guarantor acknowledges that valuable consideration supports this Guaranty, including, without limitation, any commitment to lend, extension of credit or other financial accommodation, whether heretofore or hereafter made by Lender to Borrower; any extension, renewal or replacement of any Indebtedness, any forbearance with respect to any indebtedness or otherwise; any cancellation of an existing guaranty; any purchase of any of Borrower's assets by Lender; or any other valuable consideration.

2.    **Lender's Costs and Expenses.**

Guarantor agrees to pay on demand all costs and expenses of every kind incurred by Lender: (a) in enforcing this Guaranty; (b) in collecting any Indebtedness from Borrower or Guarantor; (c) in realizing upon or protecting any collateral for this Guaranty or for payment of any Indebtedness; and (d) for any other purpose related to the Indebtedness or this Guaranty. "Costs and expenses" as used in the preceding sentence shall include, without limitation, the actual attorneys' fees incurred by Lender in retaining counsel for advice, suit, appeal, any insolvency or other proceedings under the Federal Bankruptcy Code or otherwise, or for any purpose specified in the preceding sentence.

3.    **Nature of Guaranty: Continuing, Absolute and Unconditional.**

(a)    This Guaranty is and is intended to be a continuing guaranty of payment of the Indebtedness (irrespective of the aggregate amount thereof), independent of in addition and without modification to, and does not impair or in any way affect, any other guaranty, indorsement, or other agreement in connection with the indebtedness, or in connection with any other indebtedness or liability to Lender, or collateral held by Lender therefor or with respect thereto, whether or not furnished by Guarantor. This Guaranty and Guarantor's obligations hereunder shall not be modified, terminated, impaired or in any way affected by the execution, delivery or performance by Guarantor, Borrower or any other person of any other guaranty, indorsement or other agreement or the delivery of collateral therefor. Guarantor waives any claim, remedy or other right which Guarantor might now have or hereafter acquire against Borrower or any other person that is primarily or contingently liable for the Indebtedness including, without limitation, any right of

subrogation; reimbursement, exoneration, contribution, indemnification, or any right to participate in any claim or remedy of Lender against Borrower or any collateral therefor which Lender now has or hereafter acquires, whether or not such claim, remedy or right arises in equity, or under contract, statute, or common law.

(b)    This Guaranty is absolute and unconditional and shall not be changed or affected by any representation, oral agreement, act or thing whatsoever, except as herein provided. This Guaranty is intended by Guarantor be the final, complete and exclusive expression of the agreement between Guarantor and Lender. Guarantor expressly disclaims any reliance on any course of dealing or usage of trade or oral representation of Lender including, without limitation, representations to make loans to Borrower or enter into any other agreement with Borrower or Guarantor. No modification or amendment of any provision of this Guaranty and no waiver of any right by Lender shall be effective unless in writing and signed by a duly authorized officer of Lender.

4.    **Certain Rights and Obligations.**

(a)    Guarantor authorizes Lender, without notice, demand or additional reservation of rights against Guarantor and without affecting Guarantor's obligations hereunder, from time to time (i) to renew, refinance, modify, subordinate, extend, increase, accelerate, or otherwise change the time for payment of, the terms of or the interest on the Indebtedness or any part thereof; (ii) to accept from any person or entity and hold .collateral for the payment of the Indebtedness or any part thereof; and to exchange, enforce or refrain from enforcing, or release such collateral or any part thereof-, (iii) to accept and hold any indorsement or guaranty of payment of the Indebtedness or any part thereof or any negotiable instrument or other writing intended by any party to create an accord and satisfaction with respect to the Indebtedness or any part thereof, and to discharge, terminate, release, substitute, replace or modify any such obligation of any such indorser or guarantor, or any person or entity who has given any security interest in any collateral as security for the payment of the Indebtedness or any part thereof, or any other person or entity in any way obligated to pay the Indebtedness or any part thereof, and to enforce or refrain from enforcing, or compromise or modify the terms of any obligation of any such indorser, guarantor, person or entity; (iv) to dispose of any and all collateral securing the Indebtedness in any manner as Lender, in its sole discretion, may deem appropriate, and to direct the order or manner of such disposition and the enforcement of any and all indorsement and guaranties relating to the Indebtedness or any part thereof as Lender, in its sole discretion, may determine; and (v) to determine the manner, amount and time of application of payments and credits, if any, to be made on all or any part of any component or components of the Indebtedness (whether principal, interest, costs and expenses, or otherwise), including, without limitation, if this Guaranty is limited in amount, to make any such application to Indebtedness, if any, in excess of the amount of this Guaranty.

(b)    If any default shall be made in the payment of any Indebtedness, Guarantor hereby agrees to pay the same in full: (i) without deduction by reason of any setoff, defense or counterclaim of Borrower; (ii) without requiring protest, presentment or notice of non-payment or notice of default to Guarantor, to Borrower or to any other person; (iii) without demand for payment or proof of such demand; (iv) without requiring Lender to resort first to Borrower (this being a guaranty of payment and not of collection) or to any other guaranty or any collateral which Lender may hold; (v) without requiring notice of acceptance hereof or assent hereto by Lender; and (vi) without requiring notice that any Indebtedness has been incurred or of the reliance by Lender upon this Guaranty, all of which Guarantor hereby waives.

(c)    Guarantor's obligation hereunder shall not be affected by any of the following, all of which Guarantor hereby waives: (i) any failure to perfect or continue the perfection of any security interest in or other lien on any collateral securing payment of any Indebtedness or Guarantor's obligation hereunder; (ii) the invalidity, unenforceability, propriety of manner of enforcement of, or loss or change in priority of any such security interest or other lien; (iii) any taking, holding, continuation, collection, modification, leasing, impairment, surrender or abandonment of, or any failure to protect, preserve or insure, any such collateral;

(iv) any delay in the exercise or waiver of, any failure to exercise, or any forbearance in the exercise of, any right or remedy of Lender or any person (including without limitation, those remedies described in Section 4(c)(iii) of this Guaranty) against Guarantor, Borrower or any person or relating to the Indebtedness or any part thereof or the collateral therefor; (v) failure of Guarantor to receive notice of any intended disposition of such collateral; (vi) any defense arising by reason of the cessation from any cause whatsoever of liability of the Borrower including, without limitation, any failure, delay, waiver, forbearance, negligence or omission by Lender in enforcing its claims against the Borrower or any collateral therefor including, without limitation, any failure to make, prove, or vote any claim relating to the Indebtedness or any collateral therefor in any case or proceeding pursuant to the federal Bankruptcy Code or any similar law, or any satisfaction of the Indebtedness or any part thereof by reason of the failure of. Lender to recover against any collateral therefor or the failure of Lender to obtain a judgment for any deficiency; (vii) any release, settlement, composition, adjustment, compromise, replacement, cancellation, discharge, assignment, sale, exchange, conversion, participation or other transfer or disposition of any obligation of Borrower or of any collateral therefor, (viii) the invalidity or unenforceability of any of the Indebtedness; (ix) the creation of any security interest, lien or other encumbrance in favor of any person other than Lender; (x) any refusal or failure of Lender or any other person prior to the date hereof or hereafter to grant any additional loan or other credit accommodation to Borrower or Lender's or any other party's receipt of notice of such refusal or failure; (xi) any refusal or failure of Lender or any other person to provide to Guarantor any information relating to Borrower, any other guarantor, indorser, or any person or entity who has given any collateral as security for the payment of the Indebtedness or any information relating to Borrowers or such guarantor's, endorser's, person's or entity's financial condition, business or assets, or if such information is provided, to provide such information completely and accurately, (xii) any change in the ownership or membership of Guarantor or Borrower; (xiii) the expiration of the period of any statute of limitations with respect to any lawsuit or other legal proceeding against Borrower or any person in any way related to the Indebtedness or a part thereof or any collateral therefor; or (xiv) any other thing or circumstance which might otherwise constitute a defense to Guarantor's obligation hereunder.

5.  **Collateral.**

As further security for payment of the Indebtedness and of any other indebtedness, now existing or hereafter incurred, of Guarantor to Lender, Guarantor hereby grants to Lender a security interest in and lien on any and all money, securities and other property of Guarantor, and all proceeds thereof, which is or hereafter maybe in the actual or constructive possession or control of Lender in any capacity or of any third party acting on Lender's behalf, including, without limitation, all deposit and other accounts and all moneys owed or to be owed by Lender to Guarantor; and with respect to all such money, securities and other property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code and under any other applicable law, as the same may from time to time be in effect in New York State, in addition to those rights granted herein or in any other agreement now or hereafter in effect between Guarantor and Lender.

6.  **Guaranty of Performance.**

Guarantor also guarantees the full, prompt and unconditional performance of all obligations and agreements of every kind owed or hereafter to be owed by Borrower to Lender. Every provision for the benefit of Lender contained in this Guaranty shall apply to the guaranty of performance given in this paragraph.

7.  **Termination.**

This Guaranty shall remain in full force and effect as to each Guarantor until Lender shall actually receive from such Guarantor written notice of its discontinuance, or notice of the death or judicial

declaration of incompetency of such Guarantor; provided, however, this Guaranty shall remain in full force and effect thereafter until all indebtedness outstanding, or contracted or committed for (whether or not outstanding), before the receipt of such notice by Lender, and any extensions, renewals or replacements thereof (whether made before or after receipt of such notice), together with interest accruing thereon after such notice, shall be finally and irrevocably paid in full. Any such notice shall be mailed to Lender, postage prepaid, by certified mail, return receipt requested, at Lender's address first written above. Discontinuance of this Guaranty as to one Guarantor shall not operate as a discontinuance hereof as to any other Guarantor. Payment of all of the Indebtedness from time to time shall not operate as a discontinuance of this Guaranty, unless notice of discontinuance as above provided has theretofore actually been received by Lender. Guarantor agrees that, to the extent that Borrower makes a payment or payments to Lender on the Indebtedness, or Lender receives any proceeds of collateral to be applied to the Indebtedness, which payment or payments or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside or otherwise are required to be repaid to Borrower, its estate, trustee, receiver or any other party, including, without limitation, under any bankruptcy law, state or federal law, common law or equitable cause, then to the extent of such repayment, the obligation or part thereof which has been paid, reduced or satisfied by such amount shall he reinstated and continued in full force and effect as of the date such initial payment, reduction or satisfaction occurred, notwithstanding any contrary action which may have been taken by Lender in reliance upon such payment or payments. As of the date any payment or proceeds of collateral are returned, the statute of limitations shall start anew with respect to any action or proceeding by Lender against Guarantor under this Guaranty. Guarantor shall defend and indemnify Lender of and from any claim or loss under this paragraph including actual attorneys' fees and expenses in the defense of any such action or suit.

8. **Other Parties; Joint and Several Liability.**

(a) Lender shall have the right to discharge or release one or more of the undersigned from any obligation hereunder, in whole or in part, without in any way releasing, impairing or affecting its right against the other or others of the undersigned. The failure of any other person to sign this Guaranty shall not release or affect the obligations or liability of the undersigned.

(b) If more than one party executes this Guaranty, the obligations of the undersigned hereunder shall be joint and several and the term "Guarantor" shall include each as well as all of them.

9. **Miscellaneous.**

(a) "Borrower and "Guarantor" as used in this Guaranty shall include: (i) any successor individual or individuals, association, partnership or corporation to which all or a substantial part of the business or assets of Borrower or Guarantor shall have been transferred including, without limitation, a debtor in possession under the Federal Bankruptcy Code; (ii) in the case of a partnership Borrower or Guarantor, any new partnership which shall have been created by reason of the admission of any new partner or partners therein or by reason of the dissolution of the existing partnership by voluntary agreement or the death, resignation or other withdrawal of any partner; and (iii) in the case of a corporate Borrower or Guarantor, any other corporation into or with which Guarantor or Borrower (if Borrower is a corporation) shall have been merged, consolidated, reorganized, or absorbed.

(b) Without limiting any other right offender, whenever Lender has the right to declare any Indebtedness to be immediately due and payable (whether or not it has so declared), Lender at its sole election may set off against the Indebtedness any and all moneys then owed to Guarantor by Lender in any capacity, whether or not the indebtedness or the obligation to pay such moneys owed by Lender is then due, and Lender shall be deemed to have exercised such right of setoff immediately at the time of such election even though any charge therefor is made or entered on Lender's records subsequent thereto.

(c) Guarantor's obligation hereunder is to pay the Indebtedness in full when due

according to its terms, and shall not be affected by any extension of time for payment by Borrower, any bar to the enforceability of the Indebtedness, or any limitation on the right to attorneys' fees, resulting from any proceeding under the Federal Bankruptcy Code or any similar law. Guarantor's obligation under this Guaranty shall also include payment of interest accrued on the Indebtedness before or after a filing of a petition under the bankruptcy laws and interest on, and principal of, loans made to the debtor in possession after the filing of such a petition by or against Borrower.

(d)     No course of dealing or usage of trade, and no oral or written representations or agreement, between Borrower or Guarantor and Lender, whether or not relied on or acted upon, and no act, delay or omission by Lender in exercising any right or remedy hereunder or with respect to any Indebtedness shall operate as a waiver thereof or of any other right or remedy, and no single or partial exercise thereof shall preclude any other or further exercise thereof or the exercise of any other right or remedy. The giving of notice or a demand by Lender at any time shall not operate as a waiver in the future of Lender's right to exercise any right or remedy without notice or demand. Lender may remedy any default by Borrower under any agreement with Borrower or with respect to any Indebtedness in any reasonable manner without waiving the default remedied and without waiving any other prior or subsequent default by Borrower. After Borrower's failure to pay the Indebtedness in full, or any part thereof, Lender may exercise against Guarantor each right and remedy of a creditor against a principal debtor upon a past due liquidated obligation. All rights and remedies of Lender hereunder are cumulative.

(e)     Lender and Guarantor as used herein shall include the heirs, executors or administrators, or successors or assigns, of those parties. The rights and benefits of Lender hereunder shall, if Lender so directs, inure to any party acquiring any interest in the Indebtedness or any part thereof.. If any right of Lender hereunder is construed to be a power of attorney, such power of attorney shall not be affected by the subsequent disability or incompetence of Borrower or Guarantor.

(f)     Lender's rights and remedies under this Guaranty are assignable and any participation may be granted by Lender herein in connection with the assignment or granting of a participation by Lender in the Indebtedness or any part thereof.

(g)     Captions of the sections of this Guaranty are solely for the convenience of Lender and Guarantor, and are not an aid in the interpretation of this Guaranty.

(h)     GUARANTOR AGREES THAT ANY ACTION OR PROCEEDING TO ENFORCE OR ARISING OUT OF THIS GUARANTY MAY BE COMMENCED IN THE SUPREME COURT OF NEW YORK IN ANY COUNTY, OR IN THE DISTRICT COURT OF THE UNITED STATES IN ANY DISTRICT IN WHICH HAS AN OFFICE AND GUARANTOR WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT A SUMMONS AND COMPLAINT COMMENCING AN ACTION OR PROCEEDING IN ANY SUCH COURT SHALL BE PROPERLY SERVED AND SHALL CONFER PERSONAL, JURISDICTION IF SERVED BY REGISTERED MAIL TO GUARANTOR AT THE ADDRESS SPECIFIED ABOVE, OR AS OTHERWISE PROVIDED BY THE LAWS OF THE STATE OF NEW YORK OR THE UNITED STATES.

(i)     If any provision of this Guaranty is unenforceable in whole or in part for any reason, it shall be deemed modified to the extent necessary to make it or the applicable provision enforceable, or if for any reason such provision is not deemed modified the remaining provisions shall continue to be effective.

(j)     Any payment or other act which results in the extension or renewal of the statute of limitations in connection with any action or proceeding against the Borrower relating to the Indebtedness, shall extend or renew the statute of limitations in connection with any action or other proceeding against the Guarantor in connection with this Guaranty whether or not Guarantor had notice of, or consented to, such payment or act.

(k)    Any demand for payment against Guarantor made by Lender under this Guaranty shall be in writing and delivered in person or by first class mail postage prepaid at the Guarantors address first written above, and shall be deemed received: (i) upon delivery, if delivered in person, and (ii) two days after deposited in the mail or delivered to the post office, if mailed.

(1)    This Guaranty and the transactions evidenced hereby shall be construed under the laws of New York State without regard to principles of conflicts of law.

(m)    GUARANTOR AND THE LENDER HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY GUARANTOR AND LENDER MAY HAVE IN ANY ACTION OR PROCEEDING, IN LAW OR IN EQUITY, IN CONNECTION WITH THE GUARANTY OR THE TRANSACTIONS RELATED HERETO. GUARANTOR REPRESENTS AND WARRANTS THAT NO REPRESENTATIVE OR AGENT OF THE LENDER HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE LENDER WILL NOT, IN THE EVENT OF LITIGATION, SEEK TO ENFORCE THIS JURY TRIAL WAIVER. GUARANTOR ACKNOWLEDGES THAT THE LENDER HAS BEEN INDUCED TO ENTER INTO THIS GUARANTY BY, AMONG OTHER THINGS, THE PROVISIONS OF THIS SECTION.



STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

On the _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his,/her/their capacity(is), and that by his/her/their signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____

RICHARD R. RIO
Notary Public, State of New York
No. 02RI4802008
Qualified in New York County
Commission Expires 1-31-2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X          CHAPTER 13
IN RE:

SARBJIT KAUR                              CASE NO.: 17-71003

                    Debtors              AFFIRMATION OF SERVICE
-------------------------------X

The undersigned attorney, duly admitted to practice before this Court,
affirms the following to be true under the penalties of perjury:

1. That he is the attorney for the debtor in the instant case.

2. That on the 13th day of April, 2017, your affiant served a copy of
the Affirmation in Opposition in this matter upon:

Marianne DeRosa, Esq, 125 Jericho Turnpike, S 105, Jericho NY 11753
First Jersey Credit Union, 1 Corporate Drive, Wayne, NJ 07470
Macco and Stern, 2950 Expressway Drive South, Suite 109, Islandia NY
11749

the address(es) designated by said attorney and party for that purpose
by depositing a true copy of same to each attorney and party, via first
class mail, enclosed in a post paid properly addressed wrapper, in an
official depository under the exclusive care and custody of the United
States Postal Service within the State of New York.

Dated: April 13, 2017
       Carle Place, New York          s/Richard S. Feinsilver

                                      _____
                                      RICHARD S. FEINSILVER